## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **LAKESHIA RASHAWN EDMOND,** *et. al.*, | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 4:25-cv-01139-O-BP** |
| **HILLWOOD PROPERTY MANAGEMENT**, *et. al.*, | § § § | |
| **Defendants.** | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On September 16, 2025, *pro se* Plaintiff Lakeshia Rashawn Edmond filed a complaint, purportedly on behalf of several plaintiffs—including deceased former President Jimmy Carter—against multiple Defendants in the United States District Court for the Eastern District of Texas. ECF No. 1. On September 18, 2025, United States Magistrate Judge Bill Davis ordered the case transferred to this Court. ECF No. 4. This case was automatically referred to the undersigned pursuant to Special Order 3 on October 16, 2025. ECF No. 7.

In her complaint, Edmond contends that "due to the fraud of the attached evidence of the tax owed for the Plaintiff's . . . company," she "doesn't have to seek permission from any local State of Texas judge, as well as the matter of being a vexatious litigatiant [sic] is struck." ECF No. 1 at 1. While this argument is hard to understand, to the extent Edmond maintains that she is no longer a vexatious litigant, she is incorrect. In October 2023, after Edmond's prolonged history of submitting multiple frivolous claims in this district, the Court declared her a vexatious litigant. *Murry v. Serafino*, No. 4:23-cv-00683-P-BJ, 2023 WL 6467681 (N.D. Tex. Aug. 30, 2023), *rec. adopted*, No. 4:23-cv-00683-P, 2023 WL 6471703 (N.D. Tex. Oct. 4, 2023). At that time, the

Court specifically ordered that she must "seek leave of court by motion before she is permitted to file any additional complaints" in this Court. *Murry*, 2023 WL 6471703, at *1. Edmond has not filed a motion seeking permission for the Court to hear this case.

That the case originated in the Eastern District of Texas ought not to allow Edmond to evade her obligation to this Court and its staff to seek permission before maintaining a case here. *See Welsh v. Lamb Cnty.*, No. 5:20-cv-00024-H, 2024 WL 4203355, at *22 (N.D. Tex. Sept. 16, 2024) (barring a vexatious litigant from filing any new case in the Northern District of Texas "either directly or indirectly by transfer").

Additionally, the Court notes, as it has before, that Edmond has not paid the $250.00 monetary sanctions that the Court ordered her to pay in Civil Actions Nos. 4:24-cv-00388-O-BP, 4:24-cv-00525-O-BP, 4:24-cv-00805-O, and 4:24-cv-931-O, totaling $1,000. Edmond seems to suggest that due to an ambiguous instance of alleged fraud, "the matter of paying any sanction fees" has been "struck." ECF No. 1 at 1-2. She is again incorrect. The Court has not absolved her of this requirement, nor does Edmond's pending Motion for Leave to Proceed *in forma pauperis* in this case (ECF No. 3) relieve her of her obligation to pay the required penalties accrued across her many other cases in this district. She still must do so.

Finally, the Court finds that the present case—like its long line of predecessors—is frivolous and wasteful of scarce judicial resources, not to mention Edmond's own. In the present case, Edmond again continues her regrettable pattern of filing incomprehensible pleadings that are difficult to parse or adequately summarize. Among other requests, Edmond asks that the City of Fort Worth provide her with "business taxes" to the tune of "ten million dollars," that her fellow plaintiffs (including President Carter and former Arkansas Governor Asa Hutchinson) recognize Edmond as a "Minister of the State of Arkansas," and that the Court "award[]" service to an

unspecified Chuck E. Cheese restaurant. ECF No. 1 at 2-4. Edmond also appears to allege sexual harassment, racism, and slander against unspecified individuals, and at one point mentions the "foul play death" of one Robert Lee Edmond of Los Angeles, California. *Id.* at 4. While these allegations appear more substantively serious than the balance of her complaint, Edmond still does not provide any factual support for these claims, nor does she plead anything to suggest who specifically is responsible.

Moreover, Edmond does not articulate why she is entitled to any of her requests, nor does she set out any legal argument. A liberal construction of her entire complaint does not reveal a cognizable cause of action. While she might attempt to plead a violation of Title VII of the Civil Rights Act of 1964, she offers no support other than broad, sweeping generalizations that do not provide the Court with any guidance on how to even begin the process of affording her relief. The Court concludes that this case, much like its predecessors, is frivolous.

The undersigned would remind Edmond that this pattern of abusive litigation is unhelpful to anyone, least of all herself. The Court has ordered her to stop this pattern of filing frivolous cases in this Court, and she must do so. Despite her opinion to the contrary, she has not been excused from any payment, and indeed for her continued waste of the Court's time, the undersigned **RECOMMENDS** that Chief Judge O'Connor order Edmond to pay an additional monetary sanction to the Court in the amount of **$250.00** in this case.

Accordingly, the undersigned **RECOMMENDS** that the Court **STRIKE** Edmond's complaint from the record and order the Clerk of Court to **CLOSE** the case due to Edmond's failure to seek permission to file it and for failing to pay the required sanctions, that the Court **DIRECT** the Clerk to not accept for filing any additional civil actions from Edmond (whether

filed in this Court originally or transferred to this Court) that are not accompanied by (1) a motion for leave seeking permission to file the case and (2) payment of the outstanding sanctions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 24, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4